UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS RICHMOND, | ) | CASE NO.  1:16CV472 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| CHRISTOPHER LAROSE, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

This matter is before the undersigned on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Demetrius Richmond ("Petitioner") on February 29, 2016.[1]  ECF Dkt. #1.  Respondent Christopher LaRose ("Respondent") filed a return of writ on June 23, 2016.[2]  ECF Dkt. #6.  Petitioner filed a traverse to Respondent's return of writ on July 22, 2016.  ECF Dkt. #9.  For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.

**I.**    **SYNOPSIS OF THE FACTS**

The Eighth District Court of Appeals, Cuyahoga County, Ohio, set for the facts of this case on direct appeal.  These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denie*d, 527 U.S. 1040 (1999).  As set forth by the Eighth District Court of Appeals, the facts are:

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).  In the instant case, Petitioner is represented by counsel so the filing date is the date the federal habeas petition was received and docketed by the Court.

[2]Petitioner is incarcerated at the Trumbull Correctional Institution and, accordingly, Warden Charmaine Bracy is the proper respondent.  Respondent does not take issue with the party named as the respondent in this case and instead notes that Charmaine Bracy should have been the named respondent. *See* ECF Dkt. #6 at 1.

On July 30, 2010, [Petitioner] was charged with 11 counts relating to abuse of his girlfriend's son, including domestic violence, five counts of felony child endangering, three counts of misdemeanor child endangering, felonious assault, rape, and kidnapping. The indictment included sexually violent predator and repeat violent offender specifications. The case proceeded to a jury trial where the following evidence was presented:

In 2003, [Petitioner] moved in with his girlfriend K.W. ("mother") and her four children C.F., T.F.1., T.F.2., and D.F. The oldest of the children, C.F., is the alleged victim in this case. According to testimony from mother, C.F., and D.F., [Petitioner] physically and sexually abused C.F. over a period of several years.

For example, in late August 2005, when C.F. was 11 years old, [Petitioner] threw C.F. out of bed, whipped him with a belt, and ordered him to take a shower. While C.F. was in the shower, [Petitioner] grabbed C.F.'s hand and threw him into the air. C.F. landed on the sink and fell to the ground. As a result of this incident, C.F. sustained a fracture in his upper arm near his shoulder.

Later that day, C.F. complained to the babysitter that his shoulder hurt. The babysitter removed C.F.'s shirt and noticed that one shoulder appeared to be higher than the other, and the injured shoulder was swollen and hot. C.F. told the babysitter that [Petitioner] had knocked him down in the shower and caused the injury. The babysitter called mother and informed her of the injury, however, mother did not take C.F. to the hospital until three days later when her sister, W.C. ("aunt"), threatened mother that she would call the police if mother did not take C.F. to the hospital. Subsequent x-rays confirmed that C.F.'s arm was fractured.

When aunt took C.F. to a follow-up visit with the doctor, C.F. disclosed that [Petitioner] had been abusing him. Mother and the children briefly moved in with aunt, but soon moved back in with [Petitioner].

Another example of the abuse occurred one night in October 2007, when C.F. was walking to the bathroom. [Petitioner] grabbed C.F., took his pants off, and pulled him down onto a chair where [Petitioner] anally raped C.F. According to C.F.'s testimony, the rape lasted "10 or 15 minutes," [Petitioner] "was holding [him] down, [and] it hurt."

After the rape, mother and [Petitioner] sent C.F. to the store. C.F. testified that he "was thinking about, should I go somewhere. * * * I wanted to kill myself. * * * I got my bike and rode off." Asked where he was going, C.F. testified, "Far, far away from [Petitioner]. Far, far away from my home." C.F. rode from his home on West 33rd Street and Lorain Avenue to Bay Village where he knocked on the door of a random house. When the homeowner opened the door, he found C.F. crying. C.F. stated that he had run away because he was being abused and he was afraid to go home. The police arrived and took C.F. to meet his mother, siblings, and social workers at a safe place.

When the police arrived at the West 33rd Street house, they observed a man standing outside, who immediately fled. The Cuyahoga County Department of Child and Family Services ("CCDCFS") and the Cleveland police sex crimes unit investigated C.F.'s allegations of physical and sexual abuse. Mother told the

authorities that she was afraid of [Petitioner], and she and her children moved into a battered women's shelter, where they stayed for 11 months. CCDCFS's investigation determined that the abuse allegations were substantiated.

Mother testified, however, that she and the children continued to see [Petitioner] during this time, and she admitted to lying to social workers about visiting [Petitioner] and about the abuse. Eventually, mother told police she did not want to prosecute [Petitioner] and would not allow investigators access to the children. She and the children moved back in with [Petitioner], and the case was temporarily closed.

By 2009, all of the children had been removed from mother's custody. The children's maternal grandmother called the police because they were afraid of [Petitioner], who was still mother's boyfriend. The case was reopened, and Detective Georgia Hussein of the Cleveland police sex crimes unit interviewed C.F., who was living at the Berea Children's Home. C.F.'s initial reaction was relief that "somebody finally believes me." Det. Hussein also interviewed the other siblings and mother, who refused to disclose [Petitioner's] location. Det. Hussein arrested her for obstructing justice, and she later agreed to cooperate in the investigation to avoid an indictment.

On November 15, 2010, the jury found [Petitioner] guilty on all counts. The court found [Petitioner] guilty on the notice of prior conviction, repeat violent offender, and sexual motivation specifications, but not guilty on the sexually violent predator specification. The court sentenced [Petitioner] to an aggregate term of 28 years in prison.

*State v. Richmond*, 8th Dist. Cuyahoga No. 96155, 2011-Ohio-6450.

## **II.**     **PROCEDURAL HISTORY**

The May 2010 term of the Cuyahoga County Grand Jury issued an indictment charging

Petitioner with: one count of felonious assault in violation of Ohio Revised Code ("O.R.C.") §

2903.11(A)(1) with a prior conviction specification and a repeat offender specification; one

count of domestic violence in violation of O.R.C. § 2919.25(A); three counts of endangering

children in violation of O.R.C. § 2919.22(A); one count of endangering children in violation of

O.R.C. § 2919.22(B)(2); one count of endangering children in violation of O.R.C. §

2919.22(B)(3); one count of endangering children in violation of O.R.C. § 2919.22(B)(4); one

count of rape in violation of O.R.C. § 2907.02(A)(2) with a prior conviction specification,

repeat violent offender specification, and sexually violent predator specification; and one count

of kidnapping in violation of O.R.C. § 2905.01(A)(4) with a prior conviction specification,

repeat violent offender specification, sexually violent predator specification, and sexual

motivation specification.  ECF Dkt. #6-1 at 14.  At the arraignment, Petitioner entered a plea of not guilty.[3]  *Id.*

On August 5, 2010, Petitioner filed a motion to inspect the transcript of the grand jury testimony.  ECF Dkt. #6-1 at 15.  The trial court denied Petitioner's motion.  *Id.* at 23. Following the trial, the jury found Petitioner guilty of felonious assault (Count One), domestic violence (Count Two), endangering children (Counts Three through Seven, Ten, and Eleven), rape (Count Eight), and kidnapping (Count Nine).  *Id.* at 24-27.  The specifications were tried to the court and Petitioner was found guilty of all specifications except for the sexually violent predator specifications attached to Counts Eight and Nine.  *Id.*  Petitioner was sentenced to an aggregate sentence of twenty-eight years.  *Id.*

Petitioner filed a timely appeal to the Eighth District Court of Appeals on December 13, 2010.  ECF Dkt. #6-1 at 30.  On December 15, 2011, the Eighth District Court of Appeals sustained two of Petitioner's fourteen assignments of error and remanded the case to the trial court for a limited sentencing hearing to address the issues of merger of allied offenses and court costs.  *Id.* at 131.  Petitioner filed an appeal in the Supreme Court of Ohio on March 19, 2012.  *Id.* at 188.  On May 9, 2012, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not raising any substantial constitutional question.  *Id.* at 240.

Meanwhile, Petitioner filed a petition for post-conviction relief on June 10, 2011, claiming that his trial counsel was ineffective for failing to move to dismiss his case because his right to a speedy trial had been violated.  ECF Dkt. #6-1 at 266.  The trial court found that Petitioner's speedy trial claim was barred by the doctrine of *res judicata* because the claim could have been raised on direct appeal and, alternatively, that Petitioner's right to a speedy trial had not been violated.  *Id.* at 268.  Petitioner filed a timely notice of appeal in the Eighth District Court of Appeals on November 30, 2011.  *Id.* at 281.  On June 7, 2012, the Eighth

---

[3]Petitioner was represented by counsel during all state court proceedings related to the charges underlying this federal habeas corpus case.

District Court of Appeals overruled all assignments of error and affirmed the judgment of the trial court.  ECF Dkt. #6-2 at 23.  Petitioner then filed an application for reconsideration, which was denied on June 18, 2012.  *Id.* at 52, 61.  On August 6, 2012, Petitioner filed a timely notice of appeal in the Supreme Court of Ohio.  *Id.* at 62.  The Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not raising any substantial constitutional question.  *Id.* at 100.

On August 1, 2012, pursuant to the Eighth District Court of Appeal's order remanding Petitioner's case, the trial court held a limited resentencing hearing to address the issue of merger of allied offenses.  ECF Dkt. #6-2 at 101.  The trial court ultimately sentenced Petitioner to an aggregate sentence of twenty-eight years.  *Id.*  On September 7, 2012, Petitioner filed a timely notice of appeal in the Eighth District Court of Appeals.  *Id.* at 103. The Eighth District Court of Appeals affirmed one of Petitioner's nine assignments of error and reversed and remanded the case to the trial court for "a resentencing hearing on the violent repeat offender specification only."  *Id.* at 166, 179-180.  After motions for reconsideration were filed, the Eighth District Court of Appeals reversed and remanded the case on the same issue.  *Id.* at 198, 213.  On August 12, 2013, Petitioner filed a timely notice of appeal to the Supreme Court of Ohio.  *Id.* at 215.  The State then filed a notice of cross appeal in the Supreme Court of Ohio.  *Id.* at 251.  On December 4, 2013, the Supreme Court of Ohio declined to accept jurisdiction of the appeal or cross-appeal pursuant to Ohio Supreme Court Practice Rule ("S.Ct.Prac.R.") 7.08(B)(4).  *Id.* at 270.

The trial court held a resentencing hearing on March 5, 2014, pursuant to the remand issued by Eighth District Court of Appeals.  ECF Dkt. #6-2 at 277.  Petitioner was again sentenced to an aggregate term of twenty-eight years.  *Id.*  On April 4, 2014, Petitioner filed a timely notice of appeal to the Eighth District Court of Appeals. ECF Dkt. #6-3 at 1.  The Eighth District Court of Appeals overruled all of Petitioner's assignments of error.  *Id.* at 63. Petitioner then filed an application for reconsideration, which was denied on December 2,

2014. *Id.* at 90. On January 5, 2015, Petitioner filed an appeal in the Supreme Court of Ohio. *Id.* at 91. The Supreme Court declined jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4) on June 24, 2015. *Id.* at 128.

## III. FEDERAL HABEAS PETITION

Petitioner filed his federal habeas petition pursuant to 28 U.S.C. § 2254 on February 29, 2016. ECF Dkt. #1. In the habeas petition, Petitioner asserts the following grounds for relief:

GROUND ONE: SIXTH AMENDMENT

Supporting Facts: Petitioner was denied his constitutional right to a jury trial when the court heard portions of the claims alleged in the indictment without a written jury waiver.

GROUND TWO: FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied due process of law when the court refused to examine the grand jury proceedings. Petitioner was thrice indicted by the grand jury over the same events and the court refused to examine the grand jury proceedings to see what new evidence was presented to result in multiple indictments.

GROUND THREE: FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied a fair trial when the court allowed a social worker to testify to the truth of the allegations based upon the interviews of other witnesses.

GROUND FOUR: SIXTH AND FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied his right of confrontation and cross-examination when witnesses were allowed to testify as to information given to them by other non-testifying persons.

GROUND FIVE: FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied a fair trial when the court allowed extensive evidence concerning other alleged bad acts attributable to [P]etitioner but also failed to give the jury any limiting instruction.

GROUND SIX: FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied due process of law when he was tried, convicted and sentence for sentences for which the statute of limitations had expired.

-6-

GROUND SEVEN: FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied a fair trial when the court failed to give an instruction concerning an accomplice when the co-defendant was allowed to testify on behalf of the prosecution.

GROUND EIGHT: FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied due process of law when the court overruled a motion for judgment of acquittal when there was insufficient evidence for a rational factfinder to return a judgment of guilty.

GROUND NINE: SIXTH AND FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied his Sixth Amendment rights when the court proceeded to sentence [P]etitioner to a maximum sentence based upon judicial factfinding and when there was no pre-sentence investigation report. In addition, [P]etitioner also received a consecutive maximum sentence for a repeat violent offender when the court did not make the required statutory findings.

GROUND TEN: SIXTH AMENDMENT

Supporting Facts: Petitioner was denied effective assistance of counsel where there were errors and omissions by counsel which deprived [P]etitioner of a fair trial and effective assistance of counsel.

GROUND ELEVEN: FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied due process of law when the court imposed consecutive sentences which did not conform to statutory law and without the appropriate findings needed to impose consecutive sentences. This was compounded when the court imposed a maximum consecutive sentence along with additional sentence for a repeat violent offender specification without the appropriate findings.

GROUND TWELVE: FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied due process of law when the court failed to consider [P]etitioner's present situation and imposed maximum sentences as [P]etitioner had remained in jail many years prior to sentencing and resentencings in this case.

GROUND THIRTEEN: FOURTEENTH AMENDMENT

Supporting Facts: Petitioner was denied due process of law when the court imposed a five (5) year maximum sentence for endangering children when the statutory findings were not made.

GROUND FOURTEEN: FOURTEENTH AMENDMENT

> Supporting Facts: Petitioner was unconstitutionally subjected to multiple punishments for the same offense and was unconstitutionally sentenced to an additional period of ten (10) years by application of an *ex post facto* application concerning a prior conviction.  Moreover, the repeat violent offender specification should have been dismissed by the court.

GROUND FIFTEEN: SIXTH AND FOURTEENTH AMENDMENT

> Supporting Facts: Petitioner was denied his constitutional rights when the court proceeded to amend the indictment in pronouncing a sentence for the repeat violent offender specification and also relied upon unalleged information and offenses to declare [P]etitioner to be a repeat violent offender and this was based upon the court's inaccurate recollection of the prior events in the case.  Moreover the court did not obtain the presentence investigation report which would permit consideration of the present situation of [P]etitioner. [sic]

ECF Dkt. #1 at 4-6.

## IV.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run from the latest of:

> A.    The date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

> B.    The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;

-8-

C.      The date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.      The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### B.     **Exhaustion of State Remedies**

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by:  (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993).

In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031–32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden ... of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218–19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

## C.     Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal

-10-

courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991). Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729–30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d at 313–14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

[T]hat were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio 2004).

## V.    STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed the instant § 2254 federal habeas corpus petition well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct

-12-

governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id*.  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id*.; *see also Bailey v. Mitchell*, 271 F.3d 652, 655–56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A.   Decisions of lower federal courts may not be considered.

B.   Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.   The state court decision may be overturned only if:

   1.   It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal]; or

   2.   The state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent'; or

   3.   'The state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case'; or

   4.   The state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.   Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of

-13-

> federal law is different from an incorrect or erroneous application of federal
> law.'

> E.    Findings of fact of the state courts are presumed to be correct. 'The applicant
> shall have the burden of rebutting the presumption of correctness by clear
> and convincing evidence.'

*Bailey*, 271 F.3d at 655–56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a
> person in custody pursuant to the judgment of a State court, a determination of a
> factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## VI.   ANALYSIS

### A.   Non-Cognizable Claims

28 U.S.C. § 2254 permits a state prisoner to challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, habeas relief is only available if a petitioner was deprived of a right guaranteed by the United States Constitution. *Bell v. Arn*, 536 F.2d 695 (6th Cir. 1976). Federal habeas corpus "does

not lie for errors of state law" and federal courts are bound by the state court's interpretation of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Wainwright v. Goode*, 464 U.S. 78, 84 (1983). A federal court does not function as an additional state appellate court reviewing the state courts' decision on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). To be cognizable in federal habeas corpus, a claim must present constitutional errors that were material to the outcome of the case and resulted in a denial of fundamental fairness to the petitioner. *Jameson v. Wainwright*, 719 F.2d 1125, 1126 (11th Cir. 1983), *cert. denied*, 466 U.S. 975 (1984); *Walker v. Engle*, 703 F.2d 959 (6th Cir. 1983).

### 1.    Ground One

In his first ground for relief, Petitioner asserts that he was denied his constitutional right to a jury trial when the specifications were tried to the court in absence of a written jury waiver.[4] ECF Dkt. #1 at 3. Respondent avers that a written waiver is not a constitutional mandate and thus Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. ECF Dkt. #6 at 23 (citing *Fitzgerald v. Withrow*, 292 F.3d 500, 504 (6th Cir. 2002)). Continuing, Respondent states that the record reflects that Petitioner, through counsel, waived his right to a jury trial on the specifications and agreed to stipulate that he had a prior felony conviction. *Id.* Respondent then avers that the state appellate court reviewed Petitioner's claim that a written jury trial waiver was required and held that, as a matter of Ohio law, the statutory requirement for a written jury trial waiver does not apply to prior conviction specifications or to sexually violent predator specifications. *Id.* (citing *Richmond*, 2011-Ohio-6450 at ¶13-18).

Next, Respondent asserts that even if Petitioner could establish a violation of O.R.C. § 2945.05, the Ohio statute regarding waiver of a jury trial, alleged errors involving a state court's interpretation of its own law or procedure are not cognizable in federal habeas corpus review. ECF

---

[4]Grounds one, two, three, five, seven, nine, eleven, twelve, thirteen, fourteen, and fifteen are addressed in the instant section on non-cognizable claims. Ground six is addressed in the section below on exhaustion and procedural default. The three remaining grounds, four eight, and ten, are then addressed on the merits.

Dkt. # 6 at 24 (citing *Simpson v. Jones,* 238 F.3d 399, 406-407 (6ᵗʰ Cir. 2000); *Allen v. Morris,* 845 F.2d 610, 614 (6ᵗʰ Cir. 1988)). Respondent then cites the Sixth Circuit's holding that:

> Whether or not the [state court] complied with the procedural requirements of [state] law is not a matter for this court to decide on a petition for habeas corpus relief. The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure.

*Id.* (quoting *Oviedo,* 809 F.2d at 328). According to Respondent, since a written waiver is not a constitutional mandate and because Petitioner's claim involves review of the O.R.C. and Ohio case law, Petitioner's first ground for relief is not cognizable in federal habeas review. *Id.* at 24-35.

Petitioner asserts that "the court alone decided [the repeat violent offender specification and sexually violent predator specification] without a written waiver" in violation of Petitioner's right to a jury trial. ECF Dkt. #9 at 2. Continuing, Petitioner states that O.R.C. § 2941.148 "requires the court to consider various factors whether a defendant is a sexually violent offender." *Id.* at 3. Petitioner continues, stating, "[t]his was an issue for jury determination any waiver required a written jury waiver." *Id.*

The first ground for relief asserted in Petitioner's habeas petition is not cognizable in federal habeas review. The Eighth District Court of Appeals addressed Petitioner's assertion regarding the absence of a written jury waiver on the sexually violent predator specification. *Richmond,* 2011-Ohio-6450 at ¶13-18. During the discussion, the appellate court explained that it was permissible to have the court decide the specification issue when Petitioner elected to have the court rule on the specification rather than put the issue to the jury. *Id.* Further, the appellate court cited case law from the Supreme Court of Ohio explaining that since specifications are ancillary to and completely dependent on the existence of an underlying criminal charge, O.R.C. § 2945.05 did not apply in circumstances where a defendant received a jury trial on the merits of the underlying charges. *Id.*

In the instant case, Petitioner received a jury trial on the merits of the underlying charges. Additionally, the record does not support Petitioner's claim that "the court alone decided these specifications without a written waiver of a jury trial." Rather, the trial transcripts show that Petitioner's trial attorney requested that the prior conviction specification and repeat violent offender

-16-

specification be bifurcated and tried by the trial court.  ECF Dkt. #8 at 7.  Petitioner's trial attorney

then indicated that the sexually violent predator specification was required by law to be bifurcated.

*Id.* at 8.  The prosecuting attorney indicated that he believed that the sexually violent predator

specification could theoretically go to the jury, but the trial court stated that all specifications would

be tried by the court.  *Id.*

There is no indication in the trial transcript that the trial court unilaterally determined that

it would rule on the specifications.  Rather, the transcript shows that Petitioner's counsel requested

that the trial court rule on the specifications - which is not surprising as evidence of Petitioner's prior

convictions, some of which were of a sexual nature, would likely have been detrimental to Petitioner

if seen by the jury.  ECF Dkt. #8 at 7-8.[5]  Petitioner has failed to show that his constitutional right

to a jury trial was violated.  Accordingly, the remaining issue is whether a written waiver was

required.  The Eighth District Court of Appeals explained that O.R.C. § 2945.05, which generally

mandates a written waiver, does not apply to specifications when the defendant had a jury trial on

the underlying charges.  As stated above, the Sixth Circuit has explained:

> Whether or not the [state court] complied with the procedural requirements of [state]
> law is not a matter for this court to decide on a petition for habeas corpus relief.  The
> federal habeas court does not act as an additional state appellate court to review a
> state court's interpretation of its own law or procedure.

*Oviedo*, 809 F.2d at 328.  The state appellate court, citing case law from the Supreme Court of Ohio,

explained that O.R.C. § 2945.05 did not apply to specifications.  This Court does not review a state

court's interpretation of its own law or procedure.  Accordingly, Petitioner's first ground for relief

is not cognizable on federal habeas review.

## 2.    Ground Two

In the second ground for relief, Plaintiff asserts that he was denied due process when the trial

court refused to examine the grand jury proceedings to determine what new evidence was presented

---

[5]The undersigned granted Respondent's motion for leave to file the transcripts in this case under
seal.  *See* ECF Dkt. #7; ECF Dkt. #8.  The Instant Report and Recommendation cites to portions of the
sealed transcripts, but does not include any confidential or sensitive information.  Accordingly, this
Report and Recommendation was not filed under seal.

in the indictments.  ECF Dkt. #1 at 3.  Respondent quotes this Court, stating, "[t]here is no clearly established Supreme Court precedent recognizing a constitutional right to obtain access to grand jury transcripts under any circumstances."  ECF Dkt. #6 at 25 (quoting *Lang v. Bobby*, No. 5:12CV2923, 2015 WL 1423490 at *56 (N.D. Ohio Mar. 27, 2015)).  Continuing, Respondent avers that since Petitioner has not established that he was denied a right guaranteed by the United States Constitution, his second ground for relief is not cognizable on habeas review.  *Id.*  Respondent also asserts that to the extent Petitioner's second ground for relief seeks to raise a claim of error regarding state law, the failure of a state court to follow state law does not create a claim that is cognizable in federal habeas review.  *Id.*  Further, Respondent states that the appellate court determined that Petitioner failed to articulate a particularized need for access to the grand jury transcripts.  *Id.* at 25-26 (citing *Richmond*, 2011-Ohio-6450 at ¶19-25).

Petitioner claims that there was manipulation of the grand jury process since two combined indictments containing ten charges were superceded by the operative indictment, which contained eleven charges, just hours after the combined indictments were dismissed.  ECF Dkt. #9 at 4. Continuing, Petitioner states that it was the obligation of the court to examine the grand jury proceedings since this was a situation where prejudice would be presumed because the structural protections of the grand jury process had been compromised.  *Id.* at 5.

The second ground for relief asserted in Petitioner's habeas petition is not cognizable on federal habeas review.  Respondent correctly asserts that Petitioner was not entitled to the grand jury transcripts in the underlying case.  *See* ECF Dkt. #6 at 25.  Petitioner does not cite any portion of any indictment when claiming that the grand jury was manipulated and provides no evidence in support of such claims beyond merely asserting that the combined indictment was dismissed and a subsequent indictment was issued.  These statements alone do not provide any evidence that the grand jury was somehow manipulated in this case.  Moreover, the appellate court addressed Petitioner's claim that he was entitled to the grand jury transcripts and determined that he was not entitled to the transcripts.  *Richmond*, 2011-Ohio-6450 at ¶19-25.  As discussed above, this Court

-18-

does not review a state court's interpretation of its own law or procedure.  Accordingly, Petitioner's second ground for relief is not cognizable on federal habeas review.

### 3.  Ground Three

In the third ground for relief, Petitioner asserts that he was denied a fair trial when the court allowed a social worker to testify to the truth of the allegations based upon interviews of other witnesses.  ECF Dkt. #1 at 3.  Respondent avers that it is a general rule that assertions of errors in evidentiary ruling cannot support relief in habeas corpus.  ECF Dkt. #6 at 27 (citing *Walker v. Engle*, 703 F.2d 959 (6th Cir. 1983); *Bell v. Arn*, 536 F.2d 123 (6ht Cir. 1976)).  Specifically, Respondent indicates that a state court's procedural or evidentiary ruling is not subject to federal habeas review unless the ruling itself violates federal law, either by infringing upon a specific constitutional or statutory provision, or by depriving the defendant of a fundamentally fair trial as guaranteed by due process.  *Id.* (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).  Continuing, Respondent states that the appellate court examined Ohio law and determined that the trial court did not abuse its discretion in its evidentiary ruling and that Petitioner's claim of abuse of discretion is not sufficient to state a constitutional violation.  *Id.* at 28-29 (citing *Sinistaj v. Burt*, 66 F.3d 804 (6th Cir. 1995); *Richmond*, 2011-Ohio-6450 at ¶26-32).

Petitioner asserts that a determination as to the truth or falsehood of any claim is left to the determination of a jury and witnesses are not allowed to testify that certain claims are true or untrue. ECF Dkt. #9 at 5.  In support of his claim, Petitioner cites a portion of the transcript containing the testimony that he alleges violated his due process rights.  *Id.* at 5-6.

The third ground for relief asserted by Petitioner is not cognizable on federal habeas review. Errors in the application of state law, especially with regard to the admissibility of evidence, are generally not cognizable in federal habeas review unless such errors result in a denial of fundamental fairness.  *Walker,* 703 F.3d at 959 (internal citations omitted).  Petitioner fails to show that the testimonial evidence at issue resulted in a denial of fundamental fairness.  Rather than claiming a denial of fundamental fairness, Petitioner claims that the witnesses testified to the "truth or

falsehood" of allegations.  ECF Dkt. #9 at 5-6.  A review of the transcript shows that the witnesses at issue testified about statements made to them by the minors involved in the underlying case and their credibility.  The fact that the witnesses testified about statements made to them by minors and their credibility does not automatically result in a finding that Petitioner was denied a fair trial, and Petitioner cites no legal support for such a position.  Accordingly, Petitioner's third ground for relief is not cognizable on federal habeas review.

### 4. Ground Five

In the fifth ground for relief, Petitioner asserts that he was denied a fair trial when the court allowed extensive evidence concerning other alleged bad acts attributable to him, but failed to give the jury any limiting instruction.  ECF Dkt. #1 at 4.  Respondent notes that Ohio law permits other acts evidence to be admitted for the purpose of proving motive, opportunity, intent, preparation, scheme, plan, system, knowledge, identity, or absence of mistake or accident.  ECF Dkt. #6 at 29 (citing O.R.C. § 2945.59; Ohio Evidence Rule ("Ohio Evid. R.") 404(B)).  Continuing, Respondent states that the Sixth Circuit has held that the admission of prior bad acts evidence does not provide a ground for habeas relief.  *Id.*  Respondent quotes from *Bugh v. Mitchell*, 329 F.3d 496, 512-13 (6th Cir. 2003), in which the Sixth Circuit explained:

> In this case, the admission of prior bad acts evidence was not contrary to clearly established Supreme Court precedent.  There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence.  In *Estelle v. McGuire*, the Supreme Court declined to hold that the admission of prior injury evidence violated due process, thus warranting habeas relief.  The Court stated in a footnote that, because it need not reach the issue, it expressed no opinion as to whether a state law would violate due process if it permitted the use of prior crimes evidence to show propensity to commit a charged crime.  Moreover, in *Spencer v. Texas*, the Supreme Court rejected the argument that the Due Process Clause requires the exclusion of prejudicial evidence, even though the limiting instructions were given and a valid state purpose is served.  The Court recognized that it was not "a rule-making organ for the promulgation of state rules of criminal procedure.  And none of the specific provisions of the Constitution ordains this Court with such authority."  While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence . . . it has not explicitly addressed the issue in constitutional terms.  Accordingly, the district court correctly found that there is not Supreme Court precedent that the trial court's decision could be deemed "contrary to," under AEDPA.

(internal citations omitted).   Next, Respondent states that the Eighth District Court of Appeals reviewed the claim that the trial court erred in admitting other bad acts evidence and found any error harmless given the overwhelming evidence of Petitioner's guilt, which was corroborated by numerous witnesses.  ECF Dkt. #6 at 30-31 (citing *Richmond*, 2011-Ohio-6450 at ¶42-46).

Petitioner claims that the trial court was required to give a limiting or curative instruction after testimony indicated that he had a history of physically abusing the minor victim in the underlying case.  ECF Dkt. #9 at 9-10.  Continuing, Petitioner states that other bad acts falling under Ohio Evid. R. 404(B) are not allowed for "background circumstances."  *Id.* at 12.  Petitioner cites a number of cases in which disclosure of prior bad acts was determined to be erroneous.  *Id*

Petitioner's fifth ground for relief is not cognizable on federal habeas review.  Alleged state-law evidentiary errors are not generally cognizable on habeas review and the trial court's admission of the other acts evidence was not contrary to clearly established Supreme Court precedent.  *See Walker*, 703 F.2d at 962; *Bugh*, 329 F.3d at 512.  The testimony regarding prior bad acts given at Petitioner's trial, as cited by Petitioner, regarded his prior physical abuse of the victim.  *See* ECF Dkt. #9 at 9-10.  The Eighth District Court of Appeals addressed this testimony and determined that the testimony was relevant and that, assuming any testimony was improper, any error was harmless.  *Richmond*, 2011-Ohio-6450 at ¶42-46.  Accordingly, Petitioner's fifth ground for relief is not cognizable on federal habeas review.

### 5.    Ground Seven

In his seventh ground for relief, Petitioner asserts that he was denied a fair trial when the trial court failed to give an accomplice instruction.  ECF Dkt. #1 at 4.  Respondent begins by stating that alleged errors in jury instructions normally do not rise to the level of federal constitution violations.  ECF Dkt. #6 at 31 (citing *Engle v. Isaac*, 456 U.S. 107 (1982); *Turoso v. Cleveland Mun. Court*, 674 F.2d 486 (6th Cir. 1982); *Eberhardt v. Bordenkircher*, 605 F.2d 275 (6th Cir. 1979); *Weston v. Rose*, 527 F.2d 524 (6th Cir. 1975)).  Continuing, Respondent states that trial court instructional errors warrant relief only if they "so infect the entire trial that the resulting conviction violates due

process." *Id.* at 31-32 (quoting *Gall v. Parker*, 231 F.3d 265, 321 (6ᵗʰ Cir. 2000)).  Respondent then asserts that since jury instruction errors are typically a matter of state law, the standard for demonstrating that a jury instruction caused a constitutional error in a habeas proceeding "is even greater than the showing required to establish plain error on direct appeal."  *Id.* at 32 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)).  Additionally, Respondent indicates that the Eighth District Court of Appeals addressed this claim and determined that the failure to give the required accomplice instruction was harmless error since the jury was well aware that the victim's mother was an accomplice testifying for the prosecution and her testimony was corroborated by other witnesses. *Id.* at 32-33 (citing *Richmond*, 2011-Ohio-6450 at ¶53-62).

Petitioner claims that the trial court failed to give any instruction concerning accomplice testimony in violation of O.R.C. § 2923.01(H)(2) and his right to due process and a fair trial.  ECF Dkt. #9 at 14-15.  Although Petitioner cites several cases in which it was determined that a trial court failed to give an instruction regarding accomplice testimony, Petitioner does not address the appellate court's determination that any error in his case was harmless.  *See id.*

The burden of demonstrating that the omission of the accomplice instruction was prejudicial has not been met by Petitioner.  Petitioner has not shown that the omission of the instruction so infected the entire trial that the resulting conviction violated due process or the right to a fair trial. As stated by the Eighth District Court of Appeals, despite not receiving the accomplice instruction, the jury was well aware that the victim's mother was testifying against Petitioner for the benefit of the prosecution.  Accordingly, Petitioner's seventh ground for relief is not cognizable on federal habeas review.

### 6.      **Grounds Nine, Eleven, Twelve, Thirteen, Fourteen, and Fifteen**

In the ninth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth grounds for relief, Petitioner asserts that his Sixth and Fourteenth Amendment rights were violated when he was sentenced. ECF Dkt. #1 at 4-5.  Respondent asserts that Petitioner's claims regarding his sentencing hearings lie beyond the scope of federal habeas review since they involve the application of state

statutes, state procedural rules, and Ohio case law. ECF Dkt. #6 at 34. Continuing, Respondent states that alleged errors involving a state court's interpretation of its own law or procedure are not cognizable in federal habeas review. *Id.* (citing *Simpson*, 238 F.3d at 406-407; *Allen*, 845 F.2d at 614). Respondent again cites Sixth Circuit precedent stating:

> Whether or not the [state court] complied with the procedural requirements of [state] law is not a matter for this court to decide on a petition for habeas corpus relief. The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure.

*Id.* (quoting *Oviedo*, 809 F.2d at 328). Further, Respondent notes that Petitioner's sentences fell within the statutory penalties and states that Petitioner cannot establish that the state court's judgment was contrary to or an unreasonable application of clearly established federal law. *Id.* at 38.

Petitioner contends that there was no presentence investigation report and that the statutory findings for the repeat violent offender specification were not made by the trial court.[6] ECF Dkt. #9 at 17. Continuing, Petitioner claims that his sentence was based on improper factors that were not authorized by statute. *Id.* at 17-18. Petitioner then quotes a portion of the transcript with which he takes issue. *Id.* at 18. While Petitioner may dispute the manner in which the trial court addressed him during the sentencing, Petitioner does not identify any improper factor that the trial court considered during his sentencing. *See id.* at 17-19. Instead, Petitioner, who is represented by counsel, appears to expect the Court to determine which factors were improper. The burden to show that he is entitled to federal habeas review is on the Petitioner, who has failed to identify which improper factors the trial court relied upon when issuing his sentence.

Further, Petitioner cites O.R.C. § 2929.14(D)(2)(b)(i)-(iii) and claims that the trial court failed to meet all of the criteria required by the statute when imposing the ten-year sentence for Petitioner's status as a violent career offender. ECF Dkt. #6 at 18-19. Again, Petitioner does not

---

[6]It appears that Petitioner has elected to address the grounds for relief relating to his sentencing, grounds nine, eleven, twelve, thirteen, fourteen, and fifteen, in conjunction. *See* ECF Dkt. #9 at 17-19. Accordingly, the undersigned has done the same in the instant Report and Recommendation.

state which element or elements of O.R.C. § 2929.14(D)(2)(b)(i)-(iii) the trial court failed to satisfy, or refute any specific findings of the trial court, and the undersigned declines to speculate as to Petitioner's argument thereto.  *See id.*

In any event, Petitioner's claims regarding his sentencing are not cognizable in federal habeas review.  These claims involve the application of state statutes, state procedural rules, and state case law.  *See Smith v. Ohio*, 331 F.Supp.2d 605, 622 (N.D. Ohio Aug. 26, 2004).  Whether the state court complied with the state procedural requirements is not a matter for this court to decide on a petition for habeas relief.  *Oviedo*, 809 F.2d at 328.  Accordingly, Petitioner's ninth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth grounds for relief are not cognizable in federal habeas review.

### B. Exhaustion and Procedural Default

As discussed in greater detail above, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin*, 541 U.S. at 29.  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin*, 811 F.2d at 325.  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong*, 142 F.3d at 322; *see also McMeans*, 228 F.3d at 681.  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright*, 433 U.S. at 87.  In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson*, 384 F.3d at 314.  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee*, 929 F.2d at 265.  In determining whether a state court has addressed the merits of

-24-

a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

## 1.    Ground Six

In the sixth ground for relief, Petitioner asserts that he was denied due process of law when he was tried, convicted, and sentenced for offenses for which the statute of limitations had expired. ECF Dkt. #1 at 4.   Respondent contends that Petitioner's sixth ground for relief is subject to procedural default since Petitioner failed to make any arguments in constitutional terms.[7]   ECF Dkt. #6 at 47.   Specifically, Respondent states that Petitioner failed to cite any precedent from the Supreme Court of the United States other than *Fiore v. White*, 531 U.S. 225, 228-29 (2001), and that this citation is unavailing because the citation was merely a reference to the general principles of due process.   *Id.* at 47-48.   Respondent avers that it is well settled that merely mentioning due process or equal protection does not constitute a fair presentation of a federal constitutional claim.   *Id.* at 48 (citing *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Franklin*, 811 F.2d at 326; *McMeans*, 228 F.3d at 681).   For these reasons, Respondent asserts that "[Petitioner] failed to present the federal nature of his claim at each level in the state courts, and the claims have been waived."   *Id.*

Continuing, Respondent asserts that Petitioner has failed to demonstrate cause to excuse his procedural default as he has not shown that an objective factor external to him impeded his efforts to comply with the state procedural rules.   ECF Dkt. #6 at 48.   Respondent also states that Petitioner has failed to show prejudice because he has not shown that the result of the underlying proceeding

---

[7]Respondent also asserts that Petitioner's third, seventh, eleventh, and ninth grounds for relief are subject to exhaustion or procedural default.   ECF Dkt. #6 at 47-51.   Whether these grounds for relief are subject to exhaustion or procedural default need not be addressed by the Court since these grounds are not cognizable in federal habeas review.   Respondent also asserts that the tenth ground for relief is subject to exhaustion or procedural default, however, the tenth ground for relief will instead be addressed below on the merits; Although Respondent indicates that Petitioner's sixth ground for relief is subject to procedural default, it is more accurately described as unexhausted since the claim was not fairly presented at each level in the state courts.

would have been different.  *Id.* at 49.  Finally, Respondent notes that Petitioner has not provided any reliable evidence of actual innocence.  *Id.*

Petitioner did not address his sixth ground for relief in the traverse to Respondent's return of writ.  *See* ECF Dkt. #9.

A review of the record shows that Petitioner failed to fairly present his sixth ground for relief in constitutional terms at each level in the state courts.  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.  *McMeans*, 228 F.3d at 681.  Respondent does not attempt to show that his sixth ground for relief was fairly presented to the state courts, show cause or prejudice for the failure, or assert his actual innocence.  Accordingly, Petitioner has waived his sixth ground for relief.

### C.     Merits

#### 1.     Ground Four

In the fourth ground for relief, Petitioner asserts that he was denied his right of confrontation and cross-examination when witnesses were allowed to testify as to information given to them by other non-testifying persons.  ECF Dkt. #1 at 4.  The Confrontation Clause of the Sixth Amendment provides an individual accused of a crime the right to confront the witnesses against him.  *Ohio v. Roberts*, 448 U.S. 56, 62-63 (1980). Testimonial statements of a witness who does not appear at the trial are not admissible unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness.  *Crawford v. Washington*, 541 U.S. 36 (2004).  The Supreme Court of the United States has explained:

> Admission of a testimonial statement in and of itself is not enough to trigger a violation of the Confrontation Clause . . . [T]he statement must be used as hearsay - in other words, it must be offered for the truth of the matter asserted.

*United States v. Pugh*, 405 F.3d 390, 399

Confrontation Clause errors are subject to harmless error review.  *Hawkins v. Ganshimer*, 286 Fed. Appx. 896, 902 (6th Cir. 2008) (internal citation omitted).  "A federal court may grant habeas relief on a trial error only when that error had substantial and injurious effect or influence in

determining the jury's verdict." *Calderon v. Coleman*, 525 U.S. 141, 146 (1998).  In making this determination, federal courts consider the importance of the witness testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of corroborating or contradicting testimony, and the overall strength of the prosecution's case. *Hawkins*, 286 Fed. Appx. at 902-903.

Respondent states that the Eighth District Court of Appeals reviewed Petitioner's claim regarding confrontation and cross-examination. ECF Dkt. #6 at 59-60 (citing *Richmond*, 2011-Ohio-6450 at ¶34-39). Specifically, Respondent indicates that the appellate court indicated that Petitioner took issue with statements from: the victim's mother about what the victim and a social worker said; the victim's aunt about what a babysitter said; and a police detective about what the victim said. *Id.* Respondent indicates that the appellate court determined that all of the declarants - the victim, the social worker, and the babysitter - were subject to cross-examination at the trial. *Id.* Continuing, Respondent states that the determination of the Eighth Court of Appeals was a reasonable application of Supreme Court precedent.

Petitioner contends that "[e]xtensive testimony was given by various witnesses who heard statements from other witnesses" and that this constituted hearsay. ECF Dkt. #9 at 7. Specifically, Petitioner cites statements from the victim's mother, the victim, and the victim's aunt that contain statements about information they were told by the social worker, the babysitter, and the victim. *Id.* at 7-8. Petitioner asserts that this type of inadmissible evidence permeated the trial and thus he was denied his right of confrontation and cross-examination. *Id.* at 8.

The argument presented by Petitioner regarding violations of the Confrontation Clause is without merit. Petitioner fails to address the determination of the Eighth District Court of Appeals that all declarants, specifically those who Petitioner claims made statements that were testified to by others, testified at the trial themselves and were thus subject to confrontation and cross-examination. *See Richmond*, 2011-Ohio-6450 at ¶34-39. Accordingly, Petitioner was permitted the opportunity to confront and cross-examine said individuals. A federal court may grant habeas relief on trial error

only when that error had substantial and injurious effect or influence in determining the jury's verdict and Petitioner has failed to show such an effect or influence in this case.  *See Calderon*, 525 U.S. at 146.  As determined by the Eighth District Court of Appeals, Petitioner was granted the opportunity to confront and cross-examine each individual that he now claims made statements that were presented to the jury by other individuals.  Petitioner fails to explain how the jury was improperly effected or influenced by the cited testimony when the defense had the opportunity to directly confront the individuals that made the statements that were testified to by other witnesses.  For these reasons, the Eigthth District Court of Appeals applied a reasonable application of Supreme Court precedent and Petitioner's fourth ground for relief fails.

### 2.  **Ground Eight**

In the eighth ground for relief, Petitioner asserts that there was insufficient evidence to sustain his convictions.  ECF Dkt. #1 at 4.  The Supreme Court of the United States has explained that a sufficiency of the evidence review must make the following inquiry:

> [W]hether, after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (internal citations omitted) (emphasis in original). Claims of insufficiency of the evidence made in federal habeas review face a high bar because they are subject to two layers of judicial deference, first on direct appeal and second on habeas review. *Coleman v. Johnson*, 566 U.S. 650, 651 (2012).

Respondent cites the determination of the Eighth District Court of Appeals regarding Petitioner's claim of insufficiency of the evidence, noting that the appellate court overruled Petitioner's claim because his argument was based solely on witness credibility, which was not a factor that impacted whether the conviction was supported by sufficient evidence.  ECF Dkt. #6 at 61-62.  Continuing, Respondent asserts that Petitioner has not shown that the state court judgment was contrary to or an unreasonable application of Supreme Court precedent, and that Petitioner's

sufficiency of the evidence claim constitutes nothing more than a disagreement with the credibility determinations of the jury.  *Id.* at 62.

Petitioner contends that "[t]he entire prosecution case against [P]etitioner was based on lies, contradictions, falsifications, and was totally inconsistent with statements on the same subject by the same witnesses."  ECF Dkt. #9 at 15.  Continuing, Petitioner claims that the evidence offered by the prosecution proved that the victim and his mother were "serial liars."  *Id.* at 15-16.  Petitioner then cites testimony from the victim indicating that he had a problem with telling the truth and testimony from the victim's mother indicating that she repeatedly lied to protect Petitioner when allegations were made regarding his abuse of her children.  *Id.* at 16.

The sufficiency of the evidence claim raised by Petitioner constitutes a disagreement with the jury as to the credibility of the victim and his mother.  Petitioner has failed to show that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, especially considering the high bar for insufficiency of the evidence claims presented in habeas review.  Multiple witnesses testified in this case, yet Petitioner only raises issues with testimony presented by the victim and his mother.  Further, the testimony from the victim's mother that Petitioner cites in an effort to establish that she was a liar is testimony indicating that she had lied in the past to protect Petitioner from facing consequences for his abuse of her children, including the victim.  *See* ECF Dkt. #9 at 16.  Additionally, Petitioner has failed to present any argument contradicting the decision of the Eighth District Court of Appeals finding that witness credibility is not a factor that affects whether a conviction is supported by sufficient evidence.  Accordingly, Petitioner's eighth ground for relief is without merit.

### 3.    Ground Ten

In the tenth ground for relief, Petitioner asserts that he was "denied effective assistance of counsel where there were errors and omissions by counsel which deprived [P]etitioner of a fair trial and effective assistance of counsel."  ECF Dkt. #1 at 4.  Respondent claims that Petitioner's habeas petition does not include details regarding his tenth ground for relief, specifically, what errors were

allegedly committed by trial counsel.  ECF Dkt. #6 at 62.  Continuing, Respondent correctly indicates that Rule 2(c)(1)-(2) of the Rules Governing § 2254 Cases provides that "[t]he petition must . . . specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *Id.*  Respondent contends that Petitioner has failed to comply with this rule since no details of the alleged ineffective assistance are contained in the habeas petition.  *Id.*  Next, Respondent notes that Petitioner is represented by counsel and is not entitled to a liberal construction of his habeas petition.  *Id.* at 63.

Regarding Petitioner's claim of ineffective assistance of trial counsel raised in his direct appeal and petition for post-conviction relief, Respondent cites *Strickland v. Washington*, 466 U.S. 668, 687 (1984), for the following:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Respondent also notes that this test is applied in the context of Ohio law, which states that a properly licensed attorney is presumed competent.  ECF Dkt. #6 at 63 (citing *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988)).  Additionally, Respondent correctly states that, with respect to the first prong of *Strickland*, the Supreme Court has held that judicial scrutiny of the performance of counsel must be highly deferential and there is a presumption that the challenged action might be considered sound trial strategy.  *Id.* at 63-64 (citing *Strickland*, 466 U.S. at 689).  Respondent correctly asserts that the Supreme Court has explained that the second prong of *Strickland* requires that "[t]he defendant must show that there is a reasonable probability the, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* (citing *Strickland*, 466 U.S. at 694).  Further, Respondent notes that the Sixth Circuit has stated, "[c]ounsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he

-30-

otherwise would probably have won." *Id.* at 64 (quoting *United States v. Morrow*, 877 F.2d 222, 229 (6ᵗʰ Cir. 1992)).

After correctly stating that the standards created by *Strickland* and 28 U.S.C. § 2254(d) are highly deferential, Respondent asserts that the Eighth District Court of Appeals correctly applied controlling Supreme Court precedent. ECF Dkt. #6 at 65. Specifically, Respondent indicates that the appellate court determined that Petitioner failed to show that his trial counsel's alleged omissions had a prejudicial effect on the outcome of the trial since: (1) the failure to request merger of the allied offenses was rendered moot; (2) Petitioner failed to show that he was denied the right to a speedy trial as he merely argued summarily that he was "in jail for over one year"; and (3) the assignment of error concerning the statute of limitations was overruled. *Id* at 65-66 (citing *Richmond*, 2011-Ohio-6450 at ¶98-102).

Respondent also states that the Eighth District Court of Appeals reviewed Petitioner's post-conviction claim of ineffective assistance of counsel and determined that Petitioner failed to show evidence demonstrating his trial counsel's lack of competence and how that lack of competence prejudiced his case, and failed to provide evidence showing that his speedy trial rights were violated. ECF Dkt. #6 at 66-67 (citing ECF Dkt. #6-2 at 25-29). For these reasons, Respondent asserts that Petitioner's ineffective assistance of trial counsel claim fails to satisfy both prongs of *Strickland*. *Id.* at 75.

Petitioner contends that he had been in jail for over one year when his trial commenced and that his trial counsel was ineffective for failing to file a motion to dismiss. ECF Dkt. #9 at 20. Continuing, Petitioner avers that the trial court incorrectly ruled that his petition for post-conviction relief was barred under *res judicata* as it regarded an issue that should have or could have been raised on direct appeal. *Id.* at 21. Petitioner states that his "speedy trial time would be tacked onto his two prior cases as they were a continuation of the present case." *Id.* Further, Petitioner claims that the trial court violated O.R.C. § 2953.21(D) when Petitioner's petition for post-conviction relief was dismissed without the filing of a motion for summary judgment and that the dismissal violated his

-31-

right to due process. *Id.* at 22-24. Finally, Petitioner states that O.R.C. § 2945.71(C)(2) requires that a person charged with a felony be brought to trial within 270 days, yet he was held for over a year on the underlying state charges. *Id.* at 25.

As an initial matter, Petitioner's claim that the trial court dismissed his petition for post-conviction relief unilaterally and without a motion filed by the prosecution is not supported by the record. Petitioner filed his motion for post-conviction relief on June 10, 2011. ECF Dkt. #6-1 at 241. The prosecution then filed a brief in opposition to Petitioner's petition for post-conviction relief. *Id.* at 261. The trial court then issued a journal entry and, upon Petitioner's motion for findings of fact and conclusions of law, issued findings of fact and conclusions of law. *Id.* at 266-68.

Further, the Eighth District Court of Appeals properly addressed Petitioner's claim that his trial counsel was ineffective. The Eighth District Court of Appeals stated that Petitioner did not provide the trial court with copies of the docket for either of his prior cases and thus the trial court was unable to determine if continuances were granted on Petitioner's behalf. *Richmond*, 2011-Ohio-6450 at ¶11. Continuing, the appellate court indicated that it was Petitioner's burden to submit evidence demonstrating counsel's lack of competence and how that lack of competence prejudiced his case, and that Petitioner failed to meet his burden. *Id.* In this habeas proceeding, Petitioner has likewise failed to provide any evidence indicating that his right to a speedy trial was violated. Petitioner again claims that his right to a speedy trial was violated, but submits no evidence beyond the assertions in his traverse to Respondent's return of writ that he was held for over 270 days prior to his trial. *See* ECF Dkt. #9 at 19. Petitioner has the burden of rebutting the presumption of correctness of the state courts by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). No evidence was provided by Petitioner, even after the Eighth District Court of Appeals expressly stated that Petitioner could not succeed on his ineffective assistance of trial counsel claim regarding a speedy trial without showing that he did not request continuances. Petitioner has once again failed to make such a showing and has failed to satisfy either prong of *Strickland*. Accordingly, the tenth ground for relief is without merit.

### D.    Summary

For the foregoing reasons, Petitioner's first, second, third, fifth, seventh, ninth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth grounds for relief are not cognizable in federal habeas review.  Petitioner's sixth ground for relief is waived.  The fourth, eighth, and tenth grounds for relief raised by Petitioner fail on the merits.

## VII.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.


Date: December 11, 2018                    */s/ George J. Limbert*_____
                                           George J. Limbert
                                           United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Crim. P. 59.  Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation.  *Id.*

-33-