PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEMETRIUS RICHMOND,                      )
                                         )     CASE NO.  1:16CV472
                Petitioner,              )
                                         )
        v.                               )     JUDGE BENITA Y. PEARSON
                                         )
CHRISTOPHER LAROSE,                      )
                                         )     **MEMORANDUM OF OPINION AND**
                Respondent.              )     **ORDER** [Resolving ECF No. 17]

        Petitioner Demetrius Richmond filed a Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254 (ECF No. 1) alleging 15 grounds for relief.  Each ground for relief challenged

or purported to challenge the constitutionality of his conviction and sentence in the Cuyahoga

County Court of Common Pleas Case No. CR-10-540291-A.  A Cuyahoga County Grand Jury

indicted Petitioner on seven counts of endangering children, one count of felonious assault, one

count of domestic violence, one count of rape, and one count of kidnapping.  Petitioner was

convicted on all counts.  Petitioner was sentenced to 28 years in prison.

        The case was referred to Magistrate Judge George J. Limbert for preparation of a report

and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  On December 11,

2018, the magistrate judge issued a report and recommendation (ECF No. 10).  In that document,

the magistrate judge recommended that the Court dismiss the habeas petition in its entirety for

the following reasons: "Petitioner's first, second, third, fifth, seventh, ninth, eleventh, twelfth,

thirteenth, fourteenth, and fifteenth grounds for relief are not cognizable in federal habeas review.

(1:16CV472)

Petitioner's sixth ground for relief is waived.  The fourth, eighth, and tenth grounds for relief raised by Petitioner fail on the merits."  ECF No. 10 at PageID#: 1632.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service.  The Court granted Petitioner an extension of time until January 9, 2019, to file objections.  ECF No. 12.  On January 29, 2019, no objections having been filed, the Court issued a Memorandum Opinion and Order adopting the Magistrate Judge Limbert's Report and Recommendation (ECF No. 15) and an Order of Dismissal (ECF No. 16), citing *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); and *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  On February 11, 2019, Petitioner filed this motion to alter and amend judgment (ECF No. 17) and attached objections to the report and recommendation. Respondent filed nothing in reply.

## I.  Legal Standard

### A.  Motion to Alter or Amend Judgment

A motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is disfavored and seldom granted because it contradicts notions of finality and repose.  *Id.*; *see also Wells Fargo Bank v. Daniels*, No. 1:05-CV-2573, 2007 WL 3104760, at * 1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Sigal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).  A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice.  *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.

2

(1:16CV472)

1999).  "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"  *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).

### B.  Review of Magistrate Judge's Report and Recommendation

Parties must file any objections to a report and recommendation within 14 days of service or otherwise as extended by the Court.  Fed. R. Civ. P. 72(b)(2).  Failure to object within the allowed time waives a party's right to appeal the district court's judgment.  *Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949  50 (6th Cir. 1981).

When a petitioner objects to the magistrate judge's Report and Recommendation, the district court reviews those objections *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*.  Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party who files

3

(1:16CV472)

objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id.* (citing *United States v. Walters*, 638 F.2d 947, 949  50 (6th Cir. 1981)).  The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

The Court conducts a *de novo* review of the portions of the magistrate judge's report and recommendation to which Petitioner has properly objected.

## II.  Analysis

### A.  Objections are Waived Because Untimely

Petitioner asks the Court to alter or amend its judgment (ECF No. 16), arguing that the Court "misconstrue[d] the motion of petitioner to grant a further extension of time to file objections."  ECF No. 17 at PageID#: 1643.  Because he "had no secretarial help" during the objections period, Petitioner's counsel says he "was unable to compose and file any appropriate objections."  *Id.* at PageID#: 1644.

The Court did not misconstrue Petitioner's filing.  It understood that Petitioner's counsel's assistant was ill and out of the office, and granted a 14-day extension of time to accommodate those circumstances.  ECF No. 12.  Petitioner asked for an additional extension (ECF No. 13), which was denied (ECF No.14), and Petitioner subsequently missed the cutoff date for filing objections.

Failure to object within 14 days of service of the magistrate judge's report and recommendation waives a party's right to appeal the district court's judgment.  *Thomas v. Arn*,

(1:16CV472)

474 U.S. 140, 145 (1985).  Petitioner suggests no clear error of law, newly discovered evidence, intervening change in controlling law, or manifest injustice that would result from preserving the judgment as it was entered, without objections, on January 29, 2019.  ECF No. 16.

### B.  Objections are Improperly Made

Moreover, Petitioner's objections to the magistrate judge's report and recommendation are not true objections.  Rather, they are largely a recitation of the arguments made in the initial Petition (ECF No. 1), which have already been considered and addressed by the magistrate judge (ECF No. 10) and the undersigned (ECF No. 15).  Such blunt objections, if entertained, would function to write the magistrate judge out of the review process and render Fed. R. Civ. P. 72(b) useless.  The Court is not inclined to address Petitioner's improper "general objections."  *See Cvijetinovic v. Eberlin*, 617 F. Supp. 2d 617, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010).

### C.  Claims are Noncognizable

Even if the Court were to entertain Petitioner's objections, his objections would be overruled.  Petitioner objects to the first three of the magistrate judge's fifteen conclusions.  ECF No. 17-1.  The magistrate judge reported that each of those alleged grounds for relief was noncognizable on federal habeas review because for failure to allege a violation of federally guaranteed rights.  ECF No. 10 at PageID#: 1613-19.

#### 1.  Ground One

Criminal defendants in state court enjoy a federally guaranteed right to a jury trial on criminal charges, but that right can be waived.  Petitioner received a jury trial on the merits of the

5

(1:16CV472)

underlying criminal charges, and his counsel requested that two specifications be bifurcated and tried by the trial court without a jury.  ECF No. 8 at PageID#: 836.  Now, pointing to state law, Petitioner argues that a waiver of jury trial, including for specifications, had to be in writing, and the state appeals court erred when it ruled that counsel's oral waiver was effective.  ECF No. 17-1 at PageID#: 1646.  As the magistrate judge pointed out, however, "[t]his Court does not review a state court's interpretation of its own law or procedure."  ECF No. 10 at PageID#: 1616 (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)).

### 2.  Ground Two

Petitioner posits that he was denied due process when the trial court declined to order that he be provided with grand jury transcripts leading to his indictment.  ECF No. 17-1 at PageID#: 1646-48.  Petitioner has pointed to no source from which he purports to derive a constitutional right to inspect grand jury transcripts.  Rather, "[t]here is no clearly established Supreme Court precedent recognizing a constitutional right to obtain access to grand jury transcripts under any circumstances."  *Lang v. Bobby*, 2015 WL 1423490, at *56 (N.D. Ohio 2015).  The Court observes, for that matter, that criminal defendants have no federal constitutional right to a grand-jury indictment in a state-court prosecution at all.  *Hurtado v. California*, 110 U.S. 516 (1884).  To the extent Petitioner argues that the state appeals court erred as a matter of state law or procedure in declining to ensure his access to grand-jury materials, such a claim is not cognizable on federal habeas review.  *Oviedo*, 809 F.2d at 328.

(1:16CV472)

### 3.  Ground Three

Petitioner insists, finally, that his constitutional right to a fair trial was abridged when a social worker was permitted to testify, arguably about hearsay and unqualified opinion testimony. ECF No. 17-1 at PageID#: 1648-50.  Few evidentiary rules, however, have a federal constitutional dimension, and Petitioner's third alleged ground for relief is no exception.  This claim is not cognizable on federal habeas review.

### III.  Conclusion

For the reasons stated herein, Petitioner's motion to alter or amend the judgment (ECF No. 17) is denied.


IT IS SO ORDERED.


    May 2, 2019                                      */s/ Benita Y. Pearson*          
Date                                                    Benita Y. Pearson
                                                  United States District Judge